UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHARI INGRAM ROBINSON,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

1:23-CV-1022 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kahari Ingram Robinson[1] brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $402 in fees – a $350 filing fee plus a $52 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a completed and signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

"The ability to proceed IFP is a privilege provided for the benefit of indigent persons." *Cuoco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citation omitted). Thus, "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Id.* (internal quotation marks and citation omitted). The Court may dismiss an action in which a person applies to proceed IFP if their "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). This statutory provision "serves the purpose of preventing abuse of the judicial system by weed[ing] out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (summary order) (internal quotation marks and citation omitted, first alteration in original). The

---

[1] Because none of Plaintiff's submissions reveal Plaintiff's gender, for the purpose of this order, the Court will refer to Plaintiff using male pronouns.

IFP statute, 28 U.S.C. § 1915, "neither requires a litigant to demonstrate absolute destitution, nor requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith." *Id.* (internal quotation marks and citations omitted). Dismissal under Section 1915(e)(2)(A) is warranted, however, "where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain [IFP] status." *Id.* "[D]eliberate concealment of income in order to gain access to a court without prepayment of . . . fees" is an example of such bad faith. *Id.*

In response to the Court's initial February 9, 2023, deficiency order directing Plaintiff to either pay the fees to bring this action or submit an IFP application, Plaintiff submitted an IFP application, but his responses and lack of responses in that application make it unclear as to whether he is unable to pay the fees to bring this action.

Plaintiff states, in the IFP application, that he is unemployed. He does not state what was the last date of his employment or the monthly amount of his wages from his last employment, but that he "came out of foster care" and that his "foster mother pass[ed] away."[2] (ECF 8, at 1.) Plaintiff only partially answers the IFP application's question as to whether, in the past 12 months, he has received any additional income of more than $200. He only indicates that he has not received any such income from a business, profession, self-employment, rent payments, interest, or dividends; he does not indicate whether he has received any such income from any other source. (*Id.* at 1-2.) Plaintiff also does not answer the questions about: (1) whether he has any money in a bank account and, if so, how much; (2) whether he owns any other assets and, if so, their values; (3) whether he has any monthly expenses and, if so, what they are, and the

---

[2] Because Plaintiff alleges that he "came out of foster care" (ECF 8, at 1), the Court assumes, for the purpose of this order, that Plaintiff is an adult (a person over the age of 18).

amounts of those expenses; (4) whether he financially supports anyone else and, if so, who, and with how much money; and (5) whether he has any other financial obligations and, if so, what they are, and how much money he pays with respect to those obligations. (*Id.* at 2.) Thus, it is unclear whether Plaintiff is unable to pay the fees to bring this action.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $402 in fees or fully complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:23-CV-1022 (LTS), and address the deficiencies described above by providing facts to establish that Plaintiff is unable to pay the fees to bring this action. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1). The Court warns Plaintiff that the Court must dismiss this action if it determines that his "allegation of poverty is untrue." § 1915(e)(2)(A).

No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If he fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 21, 2023
        New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                     Chief United States District Judge